**MARTINEAU & JOHNSON, PLLC**
J. Stanley Martineau, Esq. (004755)
Stan@MJinjurylaw.com
W. Raymond Johnson III, Esq. (019838)
Ray@MJinjurylaw.com
4445 E. Holmes Ave., Suite. 107
Mesa, Arizona 85206
(480) 218-4000
F: 480-218-4626

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FERNANDO TORRES BALDENEGRO and LORI BALDENEGRO, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, a federal agency; INDIAN HEALTH SERVICE (IHS), an operating division of the U.S. Department of Health and Human Services; PARKER PHS INDIAN HEALTH HOSPITAL and HEALTH CENTER, a federally owned healthcare facility; JOHN DOES I-X; JANE DOES I-X; ABC PARTNERSHIPS I-X; and XYZ CORPORATIONS I-X;<br><br>    Defendants. | No. _____<br><br>**COMPLAINT**<br>**and DEMAND FOR JURY TRIAL**<br><br>**(Medical Malpractice)** |

Plaintiffs Fernando Torres Baldenegro and Lori Beldenegro, for their complaint against Defendants, allege as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs' bring this case pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674. Accordingly, this Court has subject jurisdiction over these federal questions pursuant to 28 U.S.C. §§ 1331.

2. Plaintiffs previously served Defendants with a notice of claim, to which Defendants did not respond.

3. Venue and jurisdiction are proper in this District because the underlying events occurred in La Paz County, Arizona.

**PARTIES**

4. Plaintiffs are married and are residents of La Paz County, Arizona.

5. Defendant, U.S. Department of Health and Human Services, (hereinafter "HHS"), is a cabinet level of the U.S. Government, providing health and human services to the public within La Paz County, Arizona.

6. Defendant Indian Health Service (hereinafter "IHS"), is an operating division of the U.S. Department of Health and Human, providing health services to the public within La Paz County, Arizona.

7. Defendant Parker PHS Indian Health Hospital and Health Center, (hereinafter "Parker Indian Hospital"), is a federally owned healthcare facility, providing medical care to the public within La Paz County, Arizona.

8. Defendants John Does I-X; Jane Does I-X; ABC Partnerships I-X; and XYZ Corporations I-X are individuals and/or business entities that may be liable for all or part of Plaintiffs' damages but whose true identities are unknown to Plaintiffs at this

time. Plaintiffs will request leave to amend this complaint upon discovery of these fictitious named Defendants' true identities.

9. Defendants are liable for the negligent acts and/or omissions of their agents and employees acting within the course and scope of their employment and/or agency by reason of the doctrine of *respondeat superior*.

## FACTS

10. Plaintiff Fernando Baldenegro (hereinafter "Fernando") was diagnosed with asthma at four years of age, and has been treated at IHS facilities (mainly Parker Hospital) for this and other conditions for many years.

11. In 2009, Fernando sustained a low back injury in a watercraft accident on the Colorado River, and has suffered chronic low back pain ever since. His primary care physician prescribed Tramadol to help control his pain.

12. On January 2, 2015, Fernando was seen by James M. Davy D.O. ("Dr. Davy") at the Parker Indian Hospital for his asthma. Dr. Davy noted that just four (4) hours prior to his appointment Fernando had suffered an asthma attack.

13. On January 8, 2015, Fernando saw Stacey J. Sullivan, M.D. ("Dr. Sullivan"), at the Parker Indian Hospital for chronic low back pain, sinus tachycardia, and severe asthma. Dr. Sullivan noted that Fernando's "asthma is poorly controlled."

14. Fernando worked for the Parker Arizona Police Department as a police officer and was informed at some point during this employment, that he could not take Tramadol while working as a police officer.

15. On January 13, 2015, Fernando consulted with Craig Levy, M.D. ("Dr. Levy") at Parker Indian Hospital, for a follow-up appointment for evaluation and management for his severe asthma and to find a different pain medication for his low back pain.

16. Dr. Levy had Fernando's entire medical history available to him during this office visit and was fully aware of Fernando's on-going medical issues.

17. Dr. Levy discussed prescribing Methadone to Fernando for his acute lower back pain, knowing Fernando suffers from *severe asthma*. The FDA has a clear warning which states in part: "Do not take Methadone hydrochloride tablets if you have *severe asthma, trouble breathing*, or other lung problems."

18. Fernando was never informed by Dr. Levy about the FDA warning.

19. Dr. Levy had a clear duty to make sure what he was prescribing to Fernando would not cause a deadly reaction.

20. Dr. Levy prescribed Methadone for Fernando's low back pain, in spite of well-known risks of side effects for asthmatics and others with pulmonary disease. Fernando's medical chart was replete with visits to Parker Indian Hospital for asthma.

21. Fernando took the Methadone as prescribed, and two days later, went into severe anaphylactic shock, a known result of a patient with asthama who ingests Methadone, and suffered respiratory failure.

22. On January 15, 2015, Fernando was found unresponsive at home by his wife, Plaintiff Lori Baldenegro (hereinafter "LORI").

4

23. Lori called 911 and paramedics with River Medical Ambulance were immediately dispatched to Plaintiffs' residence.

24. Fernando was transported by River Medical to Parker Indian Hospital.

25. While enroute to Parker Indian Hospital, Fernando's airway began to swell, blocking his ability to breathe. The paramedics administered Albuterol, which failed to relieve his breathing troubles.

26. The Paramedics attemped to intubate him but were unsuccessful and Fernando's medical condition continued to deteriorate.

27. Upon arrival at Parker Indian Hospital, Fernando was seen in the emergency room by Mark E. Mering, M.D., the treating emergency room doctor. Dr. Mering performed an emergency cricothyroidotomy.

28. Dr. Mering was unable to properly intubate Fernando, causing him to sustain severe personal injuries, some of which are permanent.

29. Dr. Mering noted that Fernando was deteriorating and ordered him to be transported to a different hospital.

30. The initial intent was to fly Fernando to a hospital in Las Vegas, but because of further deterioration, the air transport team elected to route Fernando to West Valley Hospital in Phoenix, Arizona.

31. While Fernando was being transported by Native Air to West Valley Hospital, the tracheostomy which Dr. Mering performed failed.

32. Fernando was seen in the Emergency Room at West Valley Hospital and diagnosed with acute respiratory failure, pneumonia, septic shock, asthma exacerbation,

suspected opiate toxicity from improper dosing, failed cricothyroidotomy and subsequent tracheostomy and acute coronary syndrome related to the acute stress. He was placed in ICU for further evaluation and treatment.

33. Any doctors who treated Fernando on Thursday, January 15, 2015 and prior to that date, at Parker Indian Hospital were acting as employees and/or agents of Defendant Parker Indian Hospital and the United States government at the time when Fernando was injured, and therefore, the U.S. Department of Health & Human Services and the United States government are responsible for said employees' and/or agents' negligence and Fernando's resulting damages.

34. Dr. Levy's treatment of Fernando fell below the standard of care when he prescribed Methadone to Fernando.

35. Dr. Mering's treatment of Fernando fell below the standard of care expected of hospital employees engaged in rendering care to medical patients with the same or similar medical condition as Fernando.

36. Dr. Mering fell below the standard of care when he failed to timely and accurately perform a tracheostomy so that Fernando could obtain the proper amount of oxygen needed to avoid injury and/or damage to his brain.

37. Fernando sustained additional injuries and damages while being treated at Parker Indian Hospital. All of Fernando's injuries and damages sustained while being treated at Parker Indian Hospital were proximately caused by the negligent and careless actions of various Parker Indian Hospital employees, including without limitation, Dr. Levy and Dr. Mering as alleged above.

38. In addition to the injuries and damages that Fernando sustained while being treated at Parker Indian Hospital, he sustained other severe personal injuries and damages while being treated by other medical providers employed by one or more of the above-named Federal agency Defendants, for the medical condition alleged hereinabove. These other medical providers' medical treatment likewise fell below the standard of care expected of such medical providers.

39. As a direct and proximate result of Defendants' negligence and failure to meet the applicable standard of care, Fernando has suffered and continues to suffer physical injuries, pain, suffering, and mental and emotional trauma, some of which will be permanent.

40. As a direct and proximate result of Defendants' negligence and failure to meet the applicable standard of care, Plaintiffs have incurred and will in the future incur health care and other costs.

41. As a direct and proximate result of Defendants' negligence and failure to meet the applicable standard of care, Fernando has suffered a loss of earnings and a diminution of his earning capacity.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, and each of them, as follows:

A. For Plaintiffs' general damages, including but not limited to pain and suffering, discomfort, mental anguish and loss of consortium, past and future, in an amount to be determined at trial;

B.  For Plaintiffs' medical and other expenses, past and future, in an amount to be determined at trial;

C.  For Plaintiffs' loss of enjoyment of life, past and future, in an amount to be determined at trial;

D.  For the reasonable value of Plaintiff's loss of earnings;

E.  For Plaintiff's costs incurred herein and expenses incurred to date and to be incurred in the future in this action; and

F.  For such other and further relief as the Court may deem just and proper.

DATED this 13th day of July, 2018.

**MARTINEAU & JOHNSON, PLLC**

*/s/ W. Raymond Johnson, III*

W. Raymond Johnson III
J. Stanley Martineau
*Attorney for Plaintiffs*